IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CRANDALE WILLIAMS, | : | CIVIL ACTION |
|     Petitioner,  [15831-056] | : | |
| | : | |
| v. | : | |
| | : | |
| TROY WILLIAMSON, et al., | : | |
|     Respondents. | : | No. 05-1203 |

### REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    July 14, 2005

      Before the court is Petitioner Michael Crandale Williams's (alternatively "Williams" or "Petitioner") *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. By this petition, Williams, who is currently a resident of the United States Penitentiary Allenwood, White-Deer, Pennsylvania, challenges his state court conviction on grounds alleging the ineffective assistance of trial counsel, the denial of his right to appeal and the ineffective assistance of Post Conviction Relief Act ("PCRA") counsel.[1] For the reasons set forth below, we believe Williams's petition is untimely and recommend that the petition be **DENIED** with prejudice.

### FACTUAL AND PROCEDURAL HISTORY

      As we are addressing an untimely petition, we will dispense with a full recitation of the facts and limit our discussion to the pertinent procedural history.

      On March 27, 1997, Petitioner was found guilty by a jury of two counts of attempted criminal homicide, seven counts of first-degree felony aggravated assault, seven counts of second-degree

---

[1] We note that while Petitioner is not currently a resident of the Eastern District of Pennsylvania, venue here is proper in that he is challenging a Lehigh County prosecution and conviction.

felony aggravated assault, seven counts of simple assault, seven counts of recklessly endangering another person, and one count of firearms not to be carried without a license.[2] (R., 7/15/03 Super. Ct. PCRA Op. at 1.)  On May 12, 1997, the Court of Common Pleas of Lehigh County, Pennsylvania ("Court of Common Pleas") sentenced him to a term of imprisonment of eleven years nine months to twenty-five years. (R., Comm. Pleas PCRA Op. at 1.)  Petitioner did not file a direct appeal from this judgment of sentence in the Pennsylvania state courts. (*Id.* at 2.)

Williams, however, filed three separate petitions for state court collateral review pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-46. (R., 3/28/05 Comm. Pleas PCRA Order and Notice at 2, ¶ 2.)  His PCRA petitions were filed on October 31, 2000,[3] April 26, 2002, and February 3, 2005. (*See* R., 6/8/01 Comm. Pleas PCRA Op. at 2, 7/15/03 Super. Ct. PCRA Op. at 3, 3/28/05 Comm. Pleas PCRA Order and Notice at 2, ¶ 2.)  Each PCRA petition was dismissed as untimely by the Pennsylvania state courts. (*See id. generally.*)

Williams filed this petition for a writ of habeas corpus, dated May 15, 2005, on May 20, 2005.[4] (Doc. No. 3.)  In his petition, he presents three claims: (1) trial counsel was ineffective for

---

[2] The charges arose from an incident in 1994, where Petitioner, in retaliation for a previous altercation with George Lugo, Carlos Lugo and Erik Garcia, fired shots at them in a mini-mart and a taxi-cab parked in front of the mini-mart. (R., 7/15/03 Super. Ct. PCRA Op. at 1.)

[3] Regarding his first petition, the Court of Common Pleas appointed PCRA counsel to represent Williams and ordered counsel to file an amended petition. (R., 6/8/01 Comm. Pleas PCRA Op. at 2.)  PCRA counsel represented to the court that Williams's petition was meritless and, for that reason, did not file an amended petition. (*Id.*)

[4] Williams previously filed for habeas relief in this civil action on March 11, 2005, dated March 9, 2005.  However, he failed to file on the requisite current standard 28 U.S.C. § 2254 form, so the Court (Bartle, J.) granted Williams leave to re-file this petition on the appropriate form. (Doc. No. 2.)

failing to correct the Clerk of Court's error in not docketing his *pro se* notice of appeal, (2) the Court of Common Pleas erred in its denial of his motion for a direct appeal and for reinstatement of appeal in violation of his constitutional right to due process, and (3) PCRA counsel was ineffective with regard to the first PCRA petition.  After reviewing the Pennsylvania state court record and the papers before us, we believe that Williams's petition is untimely.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for filing applications for writs of habeas corpus.  28 U.S.C. § 2244(d)(1).  In pertinent part, 28 U.S.C. § 2244(d)(1) provides that the one-year limitation period

> . . . shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

*Id.*  Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, this Court emphasizes that only *properly filed* applications for collateral relief may statutorily toll the limitations period.  *See* 28 U.S.C. § 2244(d)(2).

When, as here, a petitioner fails to file a direct appeal of his convictions in the Pennsylvania Superior Court, that conviction will be considered final upon the expiration of the thirty-day period provided under the Pennsylvania Rules of Appellate Procedure for such appeals.  *See* Pa. R. App.

P. 903(a). Our analysis then necessarily begins with the May 12, 1997 date when the Court of Common Pleas convicted Petitioner. Petitioner did not file a direct appeal of his convictions, so on June 11, 1997, the thirtieth day to file his appeal, the convictions became final. AEDPA's one-year limitations period began to run the next day. *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, and absent any tolling, Petitioner had until June 11, 1998 to file a petition for writ of habeas corpus. *See* § 2244(d)(1).

This habeas petition was not filed until March 2005.[5] Williams's three petitions for collateral relief under the PCRA do not toll the limitations period because the petitions were untimely, and, therefore, not properly filed. *Pace v. DiGuglielmo*, 2005 U.S. LEXIS 3705, *18 (Apr. 27, 2005) (where the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2)); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003) (an untimely PCRA petition does not toll the federal limitations period, even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar). This habeas petition was filed almost *seven years* after AEDPA's one-year limitation period had run. Thus, it is untimely and must be dismissed absent the applicability of some statutory or equitable exception.

Petitioner does not satisfy any of the remaining statutory exceptions to the period of limitations set forth in § 2244(d)(1)(B)-(D).[6] Petitioner does not allege any state action that

---

[5] We note that the earliest date this petition can be deemed filed is March 9, 2005, the date on which Williams's first habeas petition in this matter was signed. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a *pro se* prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

[6] The remaining exceptions to the one-year limitations period found in § 2244(d)(1) explain that, if applicable, the limitations period shall run from the latest of the following:

prevented him from filing his petition, nor does he assert any claim that relies on a new rule of retroactively applicable constitutional law. Further, the factual predicates upon which his claims are based concern events that took place in 1997, or soon thereafter, when he claims to have filed a Notice of Appeal, and would have been clearly discoverable upon the exercise of due diligence.[7]

Finally, Petitioner does not present any extraordinary circumstance beyond his control that would meet the judicially established criteria for disregarding the limitations period pursuant to the doctrine of equitable tolling. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, et al.*, No. 03-9627, 2005 U.S. LEXIS 3705, *18 (Apr. 27, 2005); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Miller v. New Jersey Dept.*

---

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[7]     Moreover, to the extent that Petitioner raises ineffective assistance of PCRA counsel, ineffective assistance of PCRA counsel is not a cognizable federal habeas claim. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (applying *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) and holding a petitioner may not raise constitutionally ineffective assistance of counsel in state post-conviction proceedings).

*of Corrections*, 145 F.3d 616, 617-18 (3d Cir. 1998) (petitioner must show that he exercised reasonable diligence in bringing his claims; mere excusable neglect is not sufficient).  After almost a seven year delay, Petitioner does not set forth any argument that would justify the equitable tolling of the limitations period.

Having determined that this petition is untimely and fails to meet any exception to the limitations period set forth in §2244(d)(1), this Court's recommendation follows.

## RECOMMENDATION

**AND NOW**, this 14th day of July 2005, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 2244(b)(1), the petition for a writ of habeas corpus be **DENIED WITH PREJUDICE**.  It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE